IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RUBEN MENA-VALDEZ, *et al.*,

   **Plaintiffs**,

           **v.**　　　　　　　　　　**CIVIL NO.** 11-1255 (FAB)

E.M. T-SHIRTS DISTRIBUTORS, INC., *et al.*,

   **Defendants**.

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court is the motion for reconsideration filed by defendants E.M. T-Shirts Distributors, Inc.; E. Mendoza & Co., Inc.; Eduardo Mendoza Corp., and Calcomanias Garneda, Inc. (collectively, "defendants"), (Docket No. 83.), and the motion for reconsideration filed by plaintiff Mena. (Docket No. 90.) For the reasons set forth below, both motions are **DENIED**.

I. **PROCEDURAL HISTORY**

On March 3, 2011, plaintiff filed a complaint against his former employer, E.M. T-Shirts, alleging interference with his protected rights and termination of employment without just cause under, *inter alia,* the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; Law 80; and article 1802 of the Civil

---

[1] Jared Killeen, a second-year student at Brooklyn Law School, assisted in the preparation of this Opinion and Order.

Civil No. 11-1255 (FAB)                                            2

Code, P.R. Laws Ann. tit. 31 § 5141 ("article 1802").  (Docket No. 1.)  Defendant E.M. T-Shirts filed a motion to dismiss on April 14, 2011, (Docket No. 12), to which plaintiff filed an opposition on June 30, 2011.  (Docket No. 25.)

Plaintiff filed an amended complaint on June 27, 2011. (Docket No. 21.)  Plaintiff added as co-defendants E. Mendoza & Co. Inc., Eduardo Mendoza Corporation, and Calcomanias Garneda, Inc., under the umbrella of Supermercado de Camisetas.  Plaintiff also added a claim under section 510 of the Employee Retirement Income Security Act, 29 U.S.C. § 1140 ("ERISA").  On July 5, 2011, E.M. T-Shirts filed a motion to dismiss the amended complaint, (Docket No. 30), which was later joined by co-defendants.  (Docket No. 35.) Plaintiff filed an opposition on July 21, 2011, and defendants replied five days later.  (Docket Nos. 38 & 41.)

Pursuant to a referral order issued by the Court, Magistrate Judge Marcos E. Lopez issued a Report and Recommendation ("R&R") with regard to defendants' second motion to dismiss on March 23, 2012.  (Docket No. 63.)  The magistrate judge recommended that defendants' motion to dismiss be granted as to plaintiff's ERISA claim and article 1802 claim.  The magistrate judge also recommended that the Court deny defendants' motions to dismiss as to plaintiff's FMLA and Law 80 claims.  (Docket No. 63 at p. 17.)

Civil No. 11-1255 (FAB)                                                3
_____

On April 3, 2012, the Court adopted the findings of the R&R in an Opinion and Order.  (Docket No. 68.)

On August 8, 2011, plaintiff filed a second amended complaint. (Docket No. 46.)  Plaintiff added two discrimination claims under the Americans with Disabilities Act ("ADA").  (Docket No. 46 at ¶¶ 57-78.)  Defendants answered the second amended complaint on August 11, 2011.  (Docket No. 47.)  On March 23, 2012, before Magistrate Judge Lopez submitted his R&R, defendants filed a motion for summary judgment, a statement of undisputed material facts, and a variety of supporting evidence pursuant to Federal Rule of Procedure 56 ("Rule 56").  (Docket No. 61.)  The motion for summary judgment sought to dismiss all of the allegations made by plaintiff up to and included in his second amended complaint.

On June 26, 2012, the Court issued an order that granted in part and denied in part defendants' motion for summary judgment. (Docket No. 82.)  The Court granted defendants' motion regarding plaintiff's ADA and Law 80 claims.  Id. at pp. 14, 18 & 25.  The Court nonetheless denied defendants' motion for summary judgment regarding plaintiff's FMLA claim, finding that defendants' alleged failure to comply with the FMLA notice requirements of 29 U.S.C. § 2619 might have burdened plaintiff's exercise of his basic FMLA rights in violation of 29 U.S.C. § 2615.  Id. at p. 22; see

Civil No. 11-1255 (FAB)                                                4

Ragsdale v. Wolverine World Wide Web, Inc., 535 U.S. 81, 89-90 (2002).

On June 28, 2012, defendants filed a motion for reconsideration, arguing that a private right of action does not exist for a violation of the FMLA notice provision. (Docket No. 83 at p. 2.) Defendants also aver that the Court's "speculations" are insufficient to establish a causal connection between defendants' failure to notify plaintiff of his FMLA rights and plaintiff's harms. Id. at p. 3.

Plaintiff, too, filed a motion for reconsideration on July 6, 2012. (Docket No. 90.) Plaintiff requests that the Court reconsider his Law 80 claim, contending that he was in fact constructively discharged from E.M. T-Shirts and, moreover, that the Court paid short shrift to evidence of his harassment by defendants. Id. at p. 2.

**II.  Motion for Reconsideration**

"'The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration.'" Sanchez-Perez v. Sanchez-Gonzalez, 717 F.Supp.2d 187, 193-94 (D.P.R. 2010) (internal citations omitted). Any motion for reconsideration is usually decided pursuant to either Federal Rule of Civil Procedure

Civil No. 11-1255 (FAB)                                                  5

59(e) ("Rule 59(e)")[2] or Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").[3]  See In re Spittler, 831 F.2d 22, 24 (1st Cir. 1987) (holding that even though the moving party did not state a particular rule that permits its motion, "it is settled in this circuit that a motion which asked the court to modify its earlier disposition of case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)."); see also Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009).  A successful Rule 59(e) motion requires that a party "clearly establish a manifest error of law or [] present newly discovered evidence." Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (internal quotations and citations omitted).  The motion cannot "raise arguments which could, and should, have been made before judgment [was] issued."  Fed. Deposit Ins. Corp. v. World Univ., Inc., 978

---

[2] Rule 59(e) provides in pertinent part that:  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed.R.Civ.P. 59(e).

[3] Rule 60(b) provides in pertinent part that:

> "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . (6) any other reason that justifies relief."

Civil No. 11-1255 (FAB)                                                    6
_____

F.2d 10, 16 (1st Cir. 1992) (internal quotations omitted).  Motions filed pursuant to Rule 59 are not "confined to the six specific grounds for relief found in Rule 60(b)."  <u>Perez-Perez v. Popular Leasing Rental, Inc.</u>, 993 F.2d 281, 284 (1st Cir. 1993).  Conversely, the Rule 60(b) standard requires that a party "demonstrate 'at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the [ability] to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'"  <u>Fisher</u>, 589 F.3d at 512.

   A motion is characterized pursuant to Rule 59(e) or Rule 60(b) based upon its filing date.  <u>Perez-Perez</u>, 993 F.2d at 284.  "If a motion is served within [twenty-eight][4] days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e)."  <u>Id.</u>  Motions served after twenty-eight days are considered pursuant to Rule 60(b).  <u>Id.</u>  It is important to determine whether the motion for reconsideration is brought pursuant to Rule 59(e) or Rule 60(b) because a motion "for relief from judgment under Rule 60(b), unlike a motion to amend a judgment under Rule 59(e), does not toll the thirty-day appeal period."  <u>Perez-Perez</u>, 993 F.2d at 283; <u>see also</u>

---

[4] A 2009 Amendment increased the filing time period from ten to twenty-eight days.  Fed.R.Civ.P. 59(e).

Civil No. 11-1255 (FAB)                                              7

App.R. 4(a)(4) (stating that if a party files a motion to "alter or amend the judgment under Civ.R. 59," or a motion "for relief under Civ. R. 60 if the motion is filed no later than 28 days after the judgment is entered," then "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion").  The Court will first determine under which rule the defendants' motion should be regarded.  Then, the Court will address defendants' and plaintiffs' arguments for reconsideration in turn.

**III. Legal Analysis**

   **A.   Defendants' and Plaintiff's Motions Implicate Rule 59(e)**

           Both defendants and plaintiffs fail to state whether they are bringing their motions pursuant Rule 59(e) or Rule 60(b). (Docket No. 83.)  Nonetheless, we note that the Court issued its Opinion and Order on June 26, 2012; and that defendants filed their motion for reconsideration on June 28, 2012, and plaintiffs on July 7, 2012.  Therefore, both parties filed their motions well within the twenty-eight day time period provided by Rule 59. Fed.R.Civ.P. 59(e); see also Perez-Perez, 933 F.2d at 284 ("the litigant who gets his motion in on time enjoys the . . . relief provided by Rule 59 . . . ").  Because defendants and plaintiff timely filed their motions for reconsideration, Rule 59(e) is implicated for the analysis.  See Id.  Both parties, however, have

Civil No. 11-1255 (FAB)                                                  8

failed to persuade the Court to reconsider their respective arguments. The Court will first address defendants' motion for reconsideration, and then plaintiff's motion.

    **B.   Defendants' Argument for Reconsideration**

Defendants argue that a private right of action does not exist for a violation of the FMLA notice provision pursuant to 29 U.S.C. § 2619(a). In support of this argument, defendants cite two cases in which district courts have dismissed a plaintiff's FMLA notice claim because the claim did "not fall within the scope of § 2617(a) which affixes liability on an employer who interferes with an employee's FMLA rights." <u>Jessie v. Carter Health Care Center, Inc.</u>, 926 F.Supp. 613, 617 (E.D. Ky. 1996); <u>Cormier v. Littlefield</u>, 112 F.Supp.2d. 196, 200 (D.Mass. 2000) (holding that a private right of action did not exist for a violation of the FMLA notice provision when plaintiff received more leave than that to which he was entitled under the FMLA and was unable to perform his job functions at the expiration of the twelve-week period). Therefore, defendants argue, in order for plaintiff to maintain an FMLA claim, he cannot rely exclusively on defendants' failure to post notice pursuant to § 2619(a). (Docket No. 83 at p. 2.) That the Court engaged in mere "assertions or speculations" in analyzing plaintiff's claim, as defendants suggest, only makes matters worse; speculation is not enough to establish that defendants' failure to

provide notice caused plaintiff's harms. Id. at p. 3. For the reasons set forth below, the Court rejects defendants' argument.

The FMLA contains two distinct types of provisions: those establishing substantive rights for employees and those providing protection for those rights. Colburn v. Parker Hannifin Corp., 429 F.3d 325, 330 (1st Cir. 2005). The first, codified at 29 U.S.C. § 2612, awards eligible employees "a total of 12 workweeks of leave during any 12-month period," which may be taken intermittently in order to care for a child with a "serious health condition." 29 U.S.C. § 2612(a)(1)(C). Upon concluding a period of leave under the FMLA, an employee is entitled to return to the same position, with equivalent pay, benefits, and working conditions, and without loss of accrued seniority. Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 159-160 (1st Cir. 1998). Pursuant to section 2612(d)(2)(A), however, an eligible employee may elect, or an employer may require, the employee to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for any of the twelve-week leave provided under the FMLA. 29 U.S.C. 2612(d)(2)(A).

The second type of provision prohibits employers from interfering with the substantive rights conferred by the FMLA. First, section 2619(a) sets forth a notice provision requiring an employer to post notices prominently containing excerpts or

Civil No. 11-1255 (FAB)                                                       10

summaries of pertinent FMLA employee information.  29 U.S.C. § 2619.  Additionally, an employer may not restrain or deny an employee exercising his right to take FMLA leave.  29 U.S.C. § 2615(a).  If that situation arises, an employee may bring a civil action seeking compensatory damages, including wages, salary, and benefits.  Colburn, 429 F.3d at 331.

     Typically, as defendants suggest, an employee has "no remedy for the employer's technical violation of the notice requirements."  Ragsdale, 535 U.S. at 89-90.  Nonetheless, the First Circuit Court of Appeals recognizes an exception to this rule when the employee "can show that the lack of notice caused some prejudice (e.g., that the employee would not have structured leave in the same way had notice been provided) . . . . "  Dube v. J.P. Morgan Investor Serv., 201 Fed. Appx. 786, 788 (2006).  See also Ragsdale, 535 U.S. at 89-90 (noting that an employer's failure to comply with the notice requirement might burden an employee's exercise of basic FMLA rights in violation of 29 U.S.C. § 2615); Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 144 (3rd Cir. 2004) (holding that employer's failure to provide notice of FMLA rights is actionable if employee can "establish that this failure to advise rendered him unable to exercise [those rights] in a meaningful way . . . ").  Thus, pursuant to this logic, an FMLA notice claim may fall within the scope of § 2617(a), which affixes

liability on an employer who interferes with an employee's FMLA rights. See Carter Health Care Center, Inc., 926 F.Supp. at 617. Indeed, some courts have denied summary judgment when genuine issues of material fact exist concerning whether an employer's failure to provide proper notice of FMLA rights has affected a plaintiff's right to take leave. See, e.g., Brock v. United Grinding Tech., Inc., 257 F.Supp.2d. 1089, 1107-09 (S.D. Ohio 2003) (holding that genuine issues of material fact as to whether employee received adequate notice of his FMLA rights and whether employee was prejudiced regarding these rights precluded summary judgment); Knussman v. State of Md., 16 F.Supp.2d. 601, 609 (D.Md. 1998) (holding that whether a defendant has met its burden to provide notice and whether a plaintiff was denied FMLA leave are disputed issues of fact appropriate for resolution by a jury); DeCesare v. Niles City Sch. Dist. Bd. of Educ., 154 Ohio App. 3d. 644 (Ohio Ct. App. 2003) (finding that an employer's failure to (1) give employee notice of her FMLA rights and (2) grant her leave precluded summary judgment).

We find (1) that defendants failed to provide notice to plaintiff of his rights pursuant to the FMLA and (2) that there is a genuine issue of material fact as to whether plaintiff would have acted differently had he known that he was entitled to FMLA leave. First, defendants do not dispute plaintiff's allegation that they

Civil No. 11-1255 (FAB)                                              12

failed to apprise him of his FMLA rights.  Pursuant to § 2619 of the FMLA, an employer must post conspicuous notice summarizing employees' rights to leave. 29 U.S.C. § 2619(a).  According to the uncontested record, however, defendants failed to do so.  (Docket No. 75 at p. 8.)  Moreover, plaintiff met with Wanda Torres ("Torres"), an executive assistant at E.M. T-Shirts, and requested leave from July 19, 2010, to August 2, 2010.  (Docket Nos. 61-1 at ¶ 8; 75-9 at ¶ 8.)  In response to plaintiff's request, Torres did not inform him of the twelve weeks of intermittent leave afforded him by the FMLA.  (Docket Nos. 75-9 at ¶¶ 8, 13 & 17; 75-3 at p. 2.)  Torres also discussed plaintiff's request for leave with Yesenia Gago-Aponte ("Gago"), an employee in E.M. T-Shirt's human resources department, and instructed Gago not to talk to other employees about their rights under the FMLA or to publish any manuals or notices regarding the Act.  (Docket No. 75-3 at p. 2.) These undisputed facts show that defendants failed to provide notice to plaintiff of his rights pursuant to the FMLA.

Second, there is a genuine question as to whether plaintiff was prejudiced by the failure of defendants to provide notice of his rights.  As a result of this failure, plaintiff did not understand his rights under the FMLA when he requested leave between July 19, 2010, and August 2, 2010.  (Docket No. 75-9 at ¶ 8.)  Plaintiff alleges that he requested leave without pay, in

Civil No. 11-1255 (FAB)                                                      13

order to reserve his paid vacation days for the Christmas holiday, but that Torres forced him to use his vacation days against his will.  (Docket No. 75-9 at ¶ 9.)  Had plaintiff been able to exercise his FMLA rights, he might have accepted a paid vacation, but chosen to extend his leave via the FMLA.  (Docket No. 75 at p. 10.)  Moreover, he might not have felt compelled to resign from his position at E.M. T-Shirts for fear of being fired upon requesting too much time off.  (Docket No. 48 at ¶¶ 29-32.)  These questions do not amount to speculation on the part of the Court, but instead reveal genuine issues of material fact raised by plaintiff's claim.  See Brock, 257 F.Supp.2d. at 1107-09; Knussman, 16 F.Supp.2d. at 609; DeCesare, 154 Ohio App. 3d. 644.  The issue is whether defendants' failure to comply with the notice requirement might have burdened plaintiff's exercise of his basic FMLA rights in violation of 29 U.S.C. § 2615.  Conoshenti, 364 F.3d at 144.

        Because the Court finds that there are genuine issues of material fact, we require credibility determinations regarding defendants' interference with plaintiff's rights under the FMLA. These determinations render summary judgment improper on plaintiff's FMLA claim.  See Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 432 (1st Cir. 2000) ("[a]t the summary judgment stage . . . the court should not engage in credibility assessments").

Civil No. 11-1255 (FAB)                                                14

Therefore, the Court **DENIES** defendants' motion to reconsider regarding plaintiff's FMLA claim.

### C.  Plaintiff's Argument for Reconsideration

Plaintiff argues that the Court erred in dismissing its Law 80 claim.  (Docket No. 90.)  Plaintiff contends that he was in fact constructively discharged from E.M. T-shirts and, moreover, that the Court paid short shrift to evidence of his harassment by defendants.  Id. at p. 2.  Nonetheless, plaintiff submits no new evidence in support of this claim, and does little more than reiterate the arguments submitted in his amended complaint. Because a successful Rule 59(e) motion requires that a party "clearly establish a manifest error of law or [] present newly discovered evidence," Markel Am. Ins. Co., 674 F.3d at 32, the Court **DENIES** plaintiff's motion to reconsider regarding plaintiff's Law 80 claim.

### IV. CONCLUSION

For the reasons expressed, the Court **DENIES** defendants' motion to reconsider, (Docket No. 83), and **DENIES** plaintiff's motion to reconsider, (Docket No. 90).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 23, 2012.

                                       s/ Francisco A. Besosa
                                       FRANCISCO A. BESOSA
                                       UNITED STATES DISTRICT JUDGE